No. 11,795.

ALPERT v. MOORE, ADMINISTRATOR, ET AL.

Decided February 27, 1928.   Rehearing denied March 19, 1928.

Action to recover an interest in oil leases.   Judgment for defendants.

*Affirmed.*

1.  APPEAL AND ERROR—*Fact Findings.*  Fact findings of the trial court based on conflicting evidence will not be disturbed on review.

*Error to the District Court of Larimer County, Hon. Robert G. Smith, Judge.*

Messrs. STOW & STOVER, Mr. H. A. ALPERT, Mr. THOMAS H. GIBSON, for plaintiff in error.

Mr. WINTON M. AULT, Mr. PAUL W. LEE, Mr. GEORGE H. SHAW, for defendants in error.

*Department Two.*

MR. JUSTICE BUTLER delivered the opinion of the court.

JOSEPH I. Alpert sued L. C. Moore, as administrator of the estate of Russell W. Fleming, deceased, Dorothy Whistleman, formerly Dorothy Fleming (widow), and Georgia Fleming (daughter), heirs at law of the deceased, to recover interests claimed by Alpert and one Adelbert F. Brown in certain royalties reserved in an oil and gas lease. Brown died and his interest became vested in the plaintiff. Before the trial the estate was closed, and the case was dismissed as to Moore, the administrator, and proceeded against the heirs. Judgment went against the plaintiff, and he seeks a reversal of the judgment.

In the winter of 1921–22 Fleming, Walker, Harrison and Moore were engaged in obtaining oil and gas leases. On February 20, 1922, Fleming obtained from Pearl E. Mitchell a lease of certain land owned by her. The lease reserved a royalty of 12½ per cent. of the gross amount of the oil and gas produced. On June 1, 1922, an agreement was made by Fleming and Mrs. Mitchell to the effect that if Fleming loaned Mrs. Mitchell $3,500, or obtained for her a loan of that amount, to be secured by trust deed or mortgage upon the land, Mrs. Mitchell would give him a twelve-months' option to buy the land and her interest in the oil and gas lease for the sum of $1,500 in cash and the payment or assumption of the $3,500 loan. Fleming arranged with Moore for a loan of $3,500 on the Mitchell land. Mrs. Mitchell signed the note payable to the order of Fleming. The note was dated June 17, 1922. Fleming and one Puleston endorsed the note. Alpert and Brown also endorsed it, but the date when they endorsed it is in dispute, the evidence for the plaintiff tending to show that they endorsed the note in June; that for the defendants tending to show that they endorsed it in August, long after the money was paid to Mrs. Mitchell. The note was ultimately paid by the four endorsers, each paying one-fourth of the amount.

Fleming and his associates had been trying to get some reliable oil company to test out the various lands upon

which leases had been secured. All their leases reserved a royalty of 12½ per cent. As the amount of the royalty made it impracticable to interest oil companies in the venture, reductions were secured. Among them was a reduction from 12½ per cent. to 10 per cent. secured from Mrs. Mitchell on July 10, 1922, which reduction was evidenced by an agreement of that date. On January 23, 1923, Fleming assigned the lease to one Weeks, who assigned it to The Union Oil Company.

On May 31, 1923, Fleming exercised his rights under the option, and Mrs. Mitchell deeded the land to him and assigned to him her interest in the lease "and the amendments thereto." On August 2, 1923, Fleming gave to Alpert a written acknowledgment that the former was holding title to the land for Alpert's use and benefit "to the extent of a one-fourth (¼) undivided interest therein owned by you." Attached to this paper is an assignment by Fleming to Alpert of "two and a half per cent. (2½%) out of ten per cent. (10%) royalties reserved under" the lease.

Fleming died on December 25, 1923. On January 13, 1925, the county court having jurisdiction over the administration of the Fleming estate ordered the administrator to convey to Alpert, Puleston and "the estate" of Brown, each, an undivided one-fourth interest in the land, and to assign to Puleston and "the estate" of Brown, each, two and one-half per cent. royalty "in the oil and gas reserved from said premises." These conveyances and assignments were duly executed and delivered. On August 31, 1925, the plaintiff brought this suit to recover the difference between the royalty interests already assigned and the interests claimed by the plaintiff on the theory that he and his assignor each acquired a one-fourth interest in the 12½ per cent. royalty.

There is no controversy over the fact that Alpert's interest in the land and in the royalty was one-fourth, and that Brown's interest was one-fourth. The only question

is whether each had a one-fourth interest in the royalty as it was originally (12½ per cent.), or as it was after it was reduced (10 per cent.). If the former, the plaintiff was entitled to a judgment; if the latter, the judgment for the defendants is right. The evidence for the plaintiff tends to show that he and Brown acquired their interests before the royalty was reduced, and that they were interested in the 12½ per cent. royalty; whereas, the evidence for the defendants tends to show that Alpert and Brown did not acquire any interest whatever until after the royalty was reduced, and that they were interested, not in the original royalty, but in the 10 per cent. royalty. The agreement was oral, and was subject to the uncertainty that attends oral agreements.

It would serve no useful purpose to review the evidence at length; suffice it to say that, with reference to important matters, it is in direct conflict. The trial court made a general finding in favor of the defendants. We cannot say that there is not sufficient competent evidence to support the finding. The case was tried to the court without a jury. There was no prejudicial error in the admission or rejection of evidence.

The judgment is affirmed.

MR. CHIEF JUSTICE DENISON, MR. JUSTICE CAMPBELL, and MR. JUSTICE WHITFORD, sitting for MR. JUSTICE ADAMS, concur.